# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | **CRIMINAL COMPLAINT** |
| | : | |
| v. | : | Honorable Lois H. Goodman |
| | : | |
| HALIE WANDER, | : | Mag. No. 20-5037 (LHG) |
| a/k/a "Hal Wander" | : | |

I, Jeffrey Shuler, being duly sworn, state that the following is true and correct to the best of my knowledge and belief:

**SEE ATTACHMENT A**

I further state that I am a Special Agent with the Office of Special Investigations, United States Air Force, and that this complaint is based on the following facts:

**SEE ATTACHMENT B**

continued on the attached pages and made a part hereof.

s/ Jeffrey Shuler
Jeffrey Shuler
Special Agent, Office of Special Investigations
United States Air Force

Attested to by telephone pursuant to
Fed. R. Crim. P. 4.1(b)(2)(A) on November 18, 2020,
in the District of New Jersey

HONORABLE LOIS H. GOODMAN
UNITED STATES MAGISTRATE JUDGE       Signature of Judicial Officer

**ATTACHMENT A**

On or about November 16, 2020, in Burlington County, in the District of New Jersey, and elsewhere, the defendant,

HALIE WANDER,
a/k/a "Hal Wander,"

did forcibly assault, resist, oppose, impede, intimidate, and interfere with persons designated in Title 18, United States Code, Section 1114, namely Victim 1 and Victim 2, who were employed by the United States Air Force, while Victim 1 and Victim 2 were engaged in and on account of performance of their official duties, using a deadly and dangerous weapon, namely, a red Kia Forte bearing Florida Registration Number 05JLV.

In violation of Title 18, United States Code, Sections 111(a)(1) and (b).

## **ATTACHMENT B**

I, Jeffrey Shuler, am a Special Agent with the Office of Special Investigations of the U.S. Air Force. I am fully familiar with the facts set forth herein based on my own investigation, my conversations with other law enforcement officers, and my review of reports, documents, and other items of evidence.  Where statements of others are related herein, they are related in substance and part.  Where I assert that an event took place on a particular date and time, I am asserting that it took place on or about the date or time alleged.  Because this criminal complaint is being submitted for a limited purpose, I have not set forth each and every fact that I know concerning this investigation.

1. At all times relevant to this complaint:

   a. Joint Base McGuire-Dix-Lakehurst ("JB MDL") was a military base of the United States military, including but not limited to the U.S. Air Force.

   b. JB MDL had multiple gates, including a gate commonly known as "68 Gate" for New Jersey Route 68, where authorized individuals may enter JB MDL.  There was a prominent sign at 68 Gate warning that beyond the gate was a federal military base and that only authorized individuals were permitted to pass through.

   c. Victim 1 was employed by the U.S. Air Force as a civilian law enforcement officer at JB MDL.

   d. Victim 2 was an active duty member of the U.S. Air Force assigned as a law enforcement officer at JB MDL.

   e. Accordingly, Victim 1 and Victim 2 (collectively, the "Victims") were officers and employees of the United States as defined in Title 18, United States Code, Section 1114.

2. On or about November 16, 2020, the Victims were on duty at JB MDL.  Both were wearing uniforms.

3. At approximately 4:50 p.m., a red Kia Forte with Florida license plate 05JLV (the "Target Vehicle") approached 68 Gate at a high rate of speed.  Contrary to the posted instructions, the Target Vehicle—later determined to be driven by Defendant HALIE WANDER, a/k/a "Hal Wander" ("WANDER")—went through the entrance without stopping and too quickly for the officers to raise the barrier before the Target Vehicle passed through.

4. Victim 1 (starting from 68 Gate) and Victim 2 (starting from elsewhere on JB MDL) gave chase in their marked official law enforcement vehicles.

5. WANDER was still driving at a very high rate of speed and was driving erratically. The Target Vehicle struck a car being driven by another individual and hit the curb. As a result, the Target Vehicle sustained damage and slowed down.

6. The Victims eventually caught up to the Target Vehicle in their official police vehicles. Victim 1 positioned his vehicle in front of, and approximately perpendicular to, WANDER's vehicle, in an attempt to stop WANDER.

7. WANDER drove the Target Vehicle into Victim 1's vehicle while Victim 1 was inside. The Target Vehicle came to a stop.

8. Victim 1 exited his vehicle and approached the driver's side of WANDER's vehicle. Victim 1 ordered WANDER to turn off and exit the vehicle, but WANDER did not comply. Victim 1 reached into the Target Vehicle in an attempt to turn off the ignition.

9. Meanwhile, Victim 2 positioned his vehicle behind WANDER's vehicle. WANDER reversed her vehicle and drove backward into Victim 2's vehicle while Victim 2 was inside.

10. WANDER then drove forward with Victim 1 still reaching into the Target Vehicle. WANDER dragged Victim 1 several feet before Victim 1 was able to disengage from the Target Vehicle. Victim 1 came close to being pinned between the Target Vehicle and other vehicles but was ultimately not injured.

11. WANDER then continued to drive the Target Vehicle recklessly and dangerously, striking a parked car and then a utility pole, causing the Target Vehicle finally to come to a stop, close to an elementary school.

12. Victim 1 and Victim 2 approached the driver's side of the Target Vehicle and instructed WANDER to keep WANDER's hands up and get out of the vehicle. WANDER did not comply, so the Victims removed her from the vehicle. WANDER continued to resist being removed from the Target Vehicle and resisted being placed in custody even after he was out of the Target Vehicle. The Victims ultimately placed WANDER into custody.